STATE, DITTMAR POWDER MANUFACTURING COMPANY, PROSECUTORS, v. J. M. LEON.

1. Names of parties to a suit must be stated with certainty. The initials of plaintiff are not sufficient.
2. An attachment out of a court for the trial of small causes must be executed in the presence of a freeholder, who must sign the appraisement.
3. The docket of the justice must show that proof was made of putting up notices of attachment.
4. By adjournment before the day appointed for trial, in the absence of parties and without their consent, the justice loses jurisdiction.

On *certiorari*. In matter of attachment.

Argued at June Term, 1880, before Justices DIXON, REED and PARKER.

For the prosecutors, *R. Parmley.*

The opinion of the court was delivered by

PARKER, J. Suit was commenced by attachment, in a court for the trial of small causes, by J. M. Leon, against the Dittmar Powder Manufacturing Company. The return to the attachment is as follows, viz. :

Dittmar Powder Co. v. Leon.

" I return the within attachment, having levied upon the annexed goods of the Dittmar Powder Company, an absent debtor, the 24th October, 1879.

. " I. H. WERTZ, *Constable.*"

On the 24th day of October, the justice entered in his docket as follows, viz. :

" The plaintiffs put up the notices required by law."

This is all that appears in reference to the notices. The docket of the justice continues :

" I appointed the 24th day of November next, at eleven A. M., as the time for a hearing in above case. November 24th, both parties appeared, and the defendants were granted an adjournment until November 29th, 1879, at one o'clock P. M. November 28th, directed to appear at a session of the Supreme Court, at Jersey City, to-morrow, the 29th inst., by virtue of a subpœna served on me, I adjourned the above case until December 1st, at the same hour, and so notified the plaintiff and the defendants, by postal card mailed this 28th day of November; also put up notices on my door, to the same effect, on the morning of the 29th November."

Subsequently, judgment was rendered in favor of the plaintiff and against the defendants, for the debt claimed and the costs.

Several reasons are given by prosecutor why the judgment should be reversed. Throughout the proceedings, the Christian name of the plaintiff is omitted. The names of parties must be stated with certainty, and to do this, the proper Christian name and surname must be used. The initials are not sufficient, except in actions on bills of exchange, &c., mentioned in the twenty-eighth section of the practice act. *Rev., p.* 852. This being a suit for an account, is not within the exception. The omission to give the full name is fatal. *Elberson* v. *Richards, ante p.* 69.

There are other defects in the proceedings. A writ of attachment issued out of the court for the trial of small

causes must be served in the same manner as attachments out of the Supreme and Circuit Courts.  *Rev.*, *p.* 54, § 62.

The officer executing the writ shall, with the assistance of one discreet and impartial freeholder, make a just and true inventory and appraisement of the property of the defendant by him attached, and the same shall be signed by the officer and freeholder, and returned with the writ annexed thereto. This was not done in this case. The constable was not assisted in making the inventory by a freeholder, and returned the appraisement with only his own name signed thereto.

It does not appear that the notices of the attachment were put up, as required by the sixty-third section of the attachment act. It is true that the docket of the justice states that the notices were put up. This is not sufficient. The docket should state that proof was made before the justice, that they were put up, and that he was satisfied of the fact by the proof. *Conover* v. *Conover*, 2 *Harr.* 187; *Lentz* v. *Callin*, 2 *Dutcher* 218.

Before the day appointed for hearing, the justice adjourned the trial of the cause, in the absence of the parties, without their consent. After such adjournment, the justice had no jurisdiction, and had no right to proceed with the trial. *Woodworth* v. *Wolverton*, 4 *Zab.* 419.

The justice not having jurisdiction when the trial was had and judgment given, a *certiorari* is a proper remedy. *Ritter* v. *Kunkle*, 10 *Vroom* 259.

The judgment is reversed.